ANDREW J. CATCHOT *v.* CHARLES ZEIGLER.

[45 South., 707.]

QUIETING TITLES. *Right to plant oysters. Real estate. Code 1906,* § 550.

A right to plant and take oysters from that part of the sea in front of designated land is not real estate, and a suit in equity to remove clouds from the title thereto cannot be maintained under Code 1906. § 550, authorizing suits to remove clouds from the title to land.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Zeigler, appellee, was complainant in the court below, and Catchot, appellant, was defendant there. From a decree overruling defendant's demurrer to the complainant's bill the defendant appealed to the supreme court.

The complainant's bill alleged that he was the owner of certain land, three hundred feet in width, fronting on the Bay of Biloxi, and that by reason of such ownership he was legally vested with the exclusive right of planting and taking oysters in the waters of the bay for a distance of five hundred yards from the shore outward in front of his land; that the defendant, Catchot, had for many years, under some undisclosed claim, exercised the right of planting and taking oysters from the waters in front of complainant's property and within the five hundred yards' limit mentioned. The bill prayed that the defendant be required to make discovery of his claim and that the same be cancelled as a cloud upon the complainant's title.

The defendant contended that the bill failed to show any title in complainant to the premises in dispute.

Code 1906, § 550, referred to in the briefs of counsel and the opinion of the court, is as follows:

*"Removing clouds upon titles.*—When a person, not the rightful owner of any real estate, shall have any conveyance or other evidence of title thereto, or shall assert any claim, or pretend to have any right or title thereto, which may cast doubt or suspicion on the title of the real owner, such real owner may file a bill in the chancery court to have such conveyance or other evidence or claim of title canceled, and such cloud, doubt or suspicion removed from said title, whether such real owner be in possession or not, or be threatened to be disturbed in his possession or not, and whether the defendant be a resident of this state or not; and any person having the equitable title to land may, in like cases, file a bill to divest the legal title out of the person in whom the same may be vested, and to vest the same in the equitable owner."

*Harper & Harper* and *E. A. Clark,* for appellant.

The appellee's bill of complaint fails to show a fee simple title to any land in dispute. A bill to remove a cloud from title to realty cannot be predicated of a mere privilege or right to

a certain use of property.    A mere license to use realty of another,—in this case the property of the state of Mississippi,—does not constitute ownership of real estate as contemplated by either the statute or the common law.

The right of a riparian owner of land bordering on tide waters to use the land under the water for oyster planting is not within the contemplation of Code 1906, § 550, providing that any owner of "real estate" may file a bill to remove clouds from title thereto.    There are two kinds of riparian rights.    One arises from the ownership in fee to the center of a river or stream, and of this kind most of the authorities treat.    The other exists in the case of a person's ownership of lands bordering directly on tidewater wherein the title is in the state.    All of the authorities hold that in the first mentioned class or kind the right of the riparian owner is real estate, because of the ownership or title to the middle of the stream; and in the latter class or kind the right to the land under tide water is not real estate because the title to the land itself is in the sovereign power.    See Angell on Water Courses, 96; Gould on Waters, § 471.

This court has decided that the common law doctrine of ownership in land under water does not apply to land covered constantly by tide water.    *Barataria Canning Co.* v. *Ott.,* 84 Miss., 737, s. c., 37 South., 124.

No ownership in the land actually concerned is claimed by appellee, but simply a right or privilege to use the land for oyster purposes, the land itself being owned by the state of Mississippi.    Under the circumstances the court below erred in overruling the demurrer.    Washburn on Easements and Servitudes, 295; *Taylor* v. *Underhill,* 40 Cal., 473.

The owner of riparian lands may acquire by accretion title to alluvion added to his water front through natural causes, but, unless such alluvion exists, the owner has no basis for an action to remove cloud from his title to the property.    Tiedeman on Real Property, 685, 686; *Taylor* v. *Underhill, supra.*

A bill to remove a cloud from title is analogous to ejectment,

being simply an equitable remedy to establish a title to real estate, and the owner, as complainant, must recover on the strength of his own title whether legal or equitable. It is well established that ejectment will not lie to recover a riparian right, the remedy being by trespass proceedings or by injunction to restrain the use. Gould on Waters, § 471; Sedgwick & Waite on Trials of Titles, §§ 147, 161; Tiedeman on Real Property, § 604.

While it is true that the bill prays discovery of appellant's right to the oyster grounds concerned, yet, as appellee has no title whatever to the grounds, and as appellee must recover on the strength of his title, it would seem a vain thing for a court to allow appellee a discovery which could be of no benefit to him. Appellee's rights as against appellant should be settled by injunction or trespass.

*W. R. Harper,* on the same side.

Code 1906, § 550, provides that any owner of "real estate" may file a bill to remove clouds from his title thereto. The only right asserted by appellee, and alleged by his bill to have been interfered with by appellant, is the right to plant and take oysters in the sea in front of appellee's property. At most, such a right is merely an incorporeal hereditament, and as such cannot be held to be "real estate" within the meaning of the statute. It is merely a license to take oysters on the real estate of some one else.

It was never intended to provide for the removing of a cloud from a naked right. The proper remedy is to assert the right directly, without resorting to the circuitous method of first removing a cloud therefrom. It has sometimes been held that a right arising out of or connected with the particular land itself is a corporeal hereditament, and, as such, real estate. But a naked right over the land of some one else is nothing more, at the very most, than an incorporeal right, a privilege or license, and, as such, is not included in the statute with reference to removing clouds from the title to real estate.

If the right here sought to be asserted cannot be maintained, that part of the bill which seeks discovery must also fail; for discovery is only permitted in order to establish a right or demand that can be maintained.

*Ford, White & Ford,* for appellee.

The sole right of planting and taking oysters from the designated water-front is vested in appellee as riparian owner. The extent of riparian owners' claims has varied under different acts of our legislature, but the sole right for at least five hundred yards out from shore has constantly been vested in the owner of the riparian property. Laws 1886, p. 180; Code 1892, § 3094; Laws 1896, p. 143; Laws 1902, p. 61; Laws 1906, ch. 133.

The sole ground of appellant's demurrer to the appellee's bill is that this property right conferred upon a riparian owner is not real estate, since the title to all lands covered by tide waters of the state is held in trust by the state. It is wholly immaterial whether the right is real or personal property, for the chancery court undoubtedly has jurisdiction of a case for discovery even though it were conceded that this riparian privilege is simply personal property. We insist however that where the privilege follows the title to the land, it becomes a part of the real estate, as much so as buildings and other structures upon the land. "Title to all riparian rights depends upon the ownership of the land above and adjoining the body of water at ordinary high tide mark." Gould on Waters, p. 296. *Indianapolis Water Co.* v. *American Straw, etc. Co.,* 53 Fed., 970.

Lands covered by water, or title to water rights, may be the proper subject matter of a suit in ejectment. Gould on Waters, § 471. A license to take water from lands made by a riparian proprietor is realty within the statute of frauds. A pier built into the water by permission of a municipality has been held to be real estate and subject to dower. *Bedlow* v. *Stillwell,* 91 Hun (N. Y.), 386. Water rights are real estate. *Amoskeag Mfg. Co.* v. *Concord,* 66 N. H., 562; *Mfg. Co.* v. *Gilford,* 64

N. H., 337. The right of a riparian owner to the waters fronting his land is as valid as his right to the stones scattered over his soil. Angell on Water Courses, § 5; *Bentam* v. *Cox,* 17 Wash., 277, 61 Am. St. Rep., 912. In none of these cases cited is any attempt made by the authorities to distinguish between riparian owners' rights in fresh water or streams whose beds are subject to private ownership and in salt waters where the land beneath is held in trust by the state. But all the authorities hold that such rights or privileges pass with the title to the adjacent land, thus making the same a part of the land itself.

WHITFIELD, C. J., delivered the opinion of the court.

Section 550, Code 1906, provides that any owner of "real estate" may file a bill to remove clouds from his title thereto. The right, and the only right, which the appellee had, and this is not disclosed, was the right to plant and take oysters in the bay of Biloxi in front of this property. This right was nothing but a mere privilege or license, and not "real estate," within the meaning of this statute in any proper legal sense.

The decree is reversed, and the bill dismissed.

*Reversed.*